ORIGINAL

JOHN HARRIS PAER    #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 09 2009
at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOELANI KAUINUI, | CIVIL NO. CV09-00258 |
| Plaintiff, | COMPLAINT; EXHIBIT "A"; SUMMONS |
| vs. | ACK BMK |
| CITIBANK (SOUTH DAKOTA), N.A., | |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, by and through her undersigned attorney and alleges as follows:

### INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Truth in Lending Act", 15 U.S.C. §1601 et seq. to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of those Acts. Plaintiff's claim arises out of Defendant's improper disclosures.

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), and 28 U.S.C. Sections 1331 and 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under state law. Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaii.

4. Defendant is a national bank doing business in the State of Hawaii, and is subject to the jurisdiction of this Court.

## FACTS

5. During calendar year 2008 and at all times during 2009, Defendant, in the ordinary course of business, regularly extended credit to its consumer customers for which a finance charge was imposed.

6. Defendant has extended credit to Plaintiff through its credit card, which Plaintiff has used primarily for personal, family, or household purposes.

7. In May of 2009, Defendant sent its periodic disclosure statement to Plaintiff. A true copy of that statement is attached hereto as Exhibit "A".

8. Plaintiff has suffered damage as a result of Defendant's charges and disclosures.

## COUNT I - TRUTH IN LENDING

9.  Plaintiff realleges and incorporates paragraphs 1 through 8 of this Complaint.

10. Defendant has violated the Truth in Lending Act by failing to properly disclose and/or by disclosing in a misleading and confusing manner and/or by failing to disclose more conspicuously than other required information:

    (a) the Annual Percentage Rate, and

    (b) the Finance Charge.

## COUNT II - UNFAIR AND DECEPTIVE ACTS AND PRACTICES

11. Plaintiff realleges and incorporates paragraphs 1 through 10 of this Complaint.

12. Defendant has violated Chapter 480 of the Hawaii Revised Statutes as alleged above.

13. Defendant's violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

14. Defendant's charges and disclosures in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

15. Plaintiff has suffered injury to her property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I:

1. Award Plaintiff her actual damages as will be proved at trial;

2. Award Plaintiff statutory damages of twice the finance charge;

AS TO COUNT II:

3. Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1000.00;

AS TO ALL COUNTS

11  Award Plaintiff reasonable attorneys fees and costs;

12. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, June 9, 2009             .

_____
JOHN HARRIS PAER
Attorney for Plaintiff