IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NOELANI KAUINUI, | ) | Civ. No. 09-000258 ACK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITIBANK (SOUTH DAKOTA), N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE; AND DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

### PROCEDURAL BACKGROUND

On June 9, 2009, Plaintiff Noelani Kauinui ("Plaintiff") filed in this Court a complaint ("Complaint") against Defendant Citibank (South Dakota), N.A. ("Defendant"). The Complaint alleges a failure to properly disclose the Annual Percentage Rate and/or Finance Charge on a periodic billing statement, or in the alternative, that these disclosures were misleading or not conspicuous enough in violation of the Truth in Lending Act ("Count I"), and that such violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of Hawai'i Revised Statutes ("H.R.S.") § 480 ("Count II"). See Compl. ¶¶ 9-15.

On July 20, 2009, Defendant filed the instant Motion to Dismiss ("Motion"), seeking dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), to strike portions of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(f), and a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Defendant's Motion was accompanied by a Memorandum in Support of the Motion ("Motion Mem.").

On October 7, 2009, Plaintiff filed a Memorandum in Opposition to Defendant's Motion ("Opposition").

On October 15, 2009, Defendant filed a Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion ("Reply").

The Court held a hearing on the Motion on October 26, 2009.

## FACTUAL BACKGROUND[1/]

Plaintiff's Complaint is alleged in two counts.  The first count is a Truth in Lending Act ("TILA") claim and the second is a Hawai'i Unfair and Deceptive Practices Act ("UDAP") claim.

Plaintiff alleges that Defendant extended credit to her and that Plaintiff currently maintains a Citibank credit card

---

[1/] The facts as recited in this Order are for the purpose of disposing of Defendant's motion and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

account.  Compl. ¶¶ 6-7.  In May of 2009, Defendant sent its
periodic disclosure statement to Plaintiff, which is attached to
Plaintiff's Complaint as Exhibit A.  Id. ¶ 7 ("Disclosure
Statement").  Although the Disclosure Statement reads "1 of 4"
and "2 of 4" on the pages provided, Plaintiff has not attached
pages 3 or 4 of the Disclosure Statement to the Complaint.
Paragraph 10 of the Complaint reads:

> As to Count I, Plaintiff alleges that:
>
> Defendant has violated the Truth in Lending Act by
> failing to properly disclose and/or by disclosing
> in a misleading and confusing manner and/or by
> failing to disclose more conspicuously than other
> required information:
>
> (a) the Annual Percentage Rate, and
> (b) the Finance Charge.

Id. ¶ 10.  Plaintiff alleges that she has suffered damage as a
result of Defendant's charges and disclosures.  Id. ¶ 8.
Plaintiff requests actual damages, statutory damages, and
attorneys fees with respect to Count I.  Id. ¶¶ 1-2, 11 of the
Prayer for Relief.

> As to Count II, Plaintiff alleges that:
>
> 13. Defendant's violations of the Truth in Lending
> Act constitute unfair and deceptive acts or
> practices in violation of H.R.S. Chapter 480.
>
> 14. Defendant's charges and disclosures in
> connection with the above-described extension of
> credit were immoral, unethical, oppressive,
> unscrupulous, and substantially injurious to
> Plaintiff as a consumer, and were unfair and
> deceptive, in violation of H.R.S. Chapter 480.

Id. ¶ 13-14.  Plaintiff requests damages in the amount of three times the injury to her property and attorneys fees with respect to Count II.  Id. ¶¶ 3, 11 of the Prayer for Relief.

## DISCUSSION

Defendant brings this Motion under Federal Rules of Civil Procedure 12(b)(6), 12(e), and 12(f).

## I.   Motion to Dismiss for Failure to State a Claim

Defendant contends that both counts I and II should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.

### A.   Standard

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  Courts may also "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be

considered in ruling on a Rule 12(b)(6) motion to dismiss.  <u>See</u> <u>Branch v. Tunnell</u>, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  <u>Fed'n of African Am.</u> <u>Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  <u>See Sprewell</u>, 266 F.3d at 988; <u>Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of</u> <u>Psychology</u>, 228 F.3d 1043, 1049 (9th Cir. 2000); <u>In re Syntex</u> <u>Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).  Moreover, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  <u>Sprewell</u>, 266 F.3d at 988.

As the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims."  <u>De La Cruz v. Tormey</u>, 582 F.2d 45, 48 (9th Cir.), <u>cert.</u> <u>denied</u>, 441 U.S. 965 (1979).  The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of

facts that might be proved in support of a plaintiff's claims. Id.

In summary, to survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations and quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964 (internal citations and quotations omitted). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." Id. at 1973.

### B.   Analysis

#### 1. Count I - TILA

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit

card practices." 15 U.S.C. § 1601 (2006). Plaintiff's claim, as

Defendant points out, appears to be based on 15 U.S.C. § 1632(a)

which provides:

> Information required by this subchapter shall be disclosed <u>clearly</u> and <u>conspicuously</u>, in accordance with regulations of the Board. The terms "annual percentage rate" and "finance charge" shall be disclosed more conspicuously that other terms, data, or information provided in connection with a transaction, except information relating to the identity of the creditor. Except as provided in subsection (c) of this section, regulations of the Board need not require that disclosures pursuant to this subchapter be made in the order set forth in this subchapter and, except as otherwise provided, may permit the use of terminology different from that employed in this subchapter if it conveys substantially the same meaning.

15 U.S.C. § 1632(a) (emphasis added). TILA and its implementing

regulations explicitly provide that a bank must disclose the

"annual percentage rate" and "finance charge" in a more

conspicuous manner than it discloses other required disclosures.

<u>See</u> 15 U.S.C. § 1632(a); 12 C.F.R. § 226.5(a) ("Reg. Z").[2]

---

[2] Section 1632(a) provides that "[i]nformation required by this subchapter shall be disclosed clearly and conspicuously in accordance with regulations of the Board [of Governors of the Federal Reserve System]. The terms 'annual percentage rate' and 'finance charge' shall be disclosed more conspicuously than other terms, data, or information provided in connection with a transaction, except information relating to the identity of the creditor." 15 U.S.C. § 1632(a). Reg. Z of the Federal Reserve Board provides that "[t]he terms finance charge and annual percentage rate, when required to be disclosed with a corresponding amount or percentage rate, shall be more conspicuous than any other required disclosure." 12 C.F.R. § 226.5(a).

Defendant seems to believe that Plaintiff <u>only</u> asserts that the terms Annual Percentage Rate and Finance Charge are improper because they are not more conspicuous than other required disclosures pursuant to 15 U.S.C. § 1632(a).  <u>See</u> Motion Mem. at 4-5 ("Plaintiff's request for statutory damages under TILA is impermissible given that, on the face of the Complaint, she only seeks relief for purported disclosure violations based on conspicuousness."); Reply at 5 ("The Complaint does not actually allege that Citibank completely failed to disclose the Annual Percentage Rate.").[3/]  Defendant's position, however, is in direct conflict with the language of the Complaint and Plaintiff's position in her Opposition.  Paragraph 10 of the Complaint states:

> As to Count I, Plaintiff alleges that:
>
> Defendant has violated the Truth in Lending Act by failing to properly disclose and/or by disclosing in a misleading and confusing manner and/or by failing to disclose more conspicuously than other required information:
>
> (a) the Annual Percentage Rate, and
> (b) the Finance Charge.

Compl. ¶ 10.  From this language it is clear that Plaintiff first alleges that Defendant failed to properly disclose the required disclosures on pages 1 and 2 of the Disclosure Statement, and

---

[3/] Defendant even went on to add, "[i]f Plaintiff chooses to make such allegations, then Plaintiff and her counsel will do so at the peril of Rule 11 sanctions."  Reply at 5.

second, in the alternative, that these disclosures were either
misleading or not conspicuous enough.[4/]   Plaintiff takes this
exact position in her Opposition as she asserts that "[t]he
complaint, on its face, is clearly sufficient since the
disclosure attached as Exhibit 'A' does not disclose the Annual
Percentage Rate at all."   Opposition at 1-2.   Accordingly, the
Court finds that Plaintiff's Complaint alleges both that (1) the
Annual Percentage Rate was not properly disclosed on pages 1 and
2 of the Disclosure Statement,[5/] and (2) even if the Annual
Percentage Rate and/or Finance Charge were properly disclosed,

---

[4/] At the hearing on this Motion, Counsel for Plaintiff
acknowledged that the Annual Percentage Rate is included on pages
3 and 4 of the Disclosure Statement but insisted that the Annual
Percentage Rate was not properly disclosed because it was not on
pages 1 and 2 with the other disclosures.   After initially
reading the Complaint and the Memorandum in Opposition to
Defendant's Motion, the Court had understood it was Plaintiff's
position that the Annual Percentage Rate was not included at all
as Plaintiff states in her Opposition, "[t]he complaint, on its
face, is clearly sufficient since the disclosure attached as
Exhibit 'A' does not disclose the Annual Percentage Rate at all."
Opposition at 1-2 (emphasis added).

[5/] Although the Complaint is ambiguous as to whether
Plaintiff alleges a failure to properly disclose the Finance
Charge in addition to alleging that the Finance Charge was either
misleading and confusing or not conspicuous enough, the Court
notes that pages 1 and 2 of the Disclosure Statement contain the
Finance Charge and information relating to the Finance Charge.
Further, at the hearing on this Motion, Plaintiff's counsel only
argued that the Annual Percentage Rate was not properly
disclosed.   Accordingly, the Court finds that Plaintiff's failure
to properly disclose claim relates only to the Annual Percentage
Rate.

they were either misleading and confusing or not conspicuous enough.

Defendant argues at great length that the Motion to Dismiss should be granted because it appears that pages 3 and 4 of the billing statement have been intentionally omitted from the Disclosure Statement attached to the Complaint.[6/]  Because Defendant views the Complaint as only alleging violations of the conspicuousness requirement, Defendant asserts that this omission is fatal to Plaintiff's Complaint.  Again, the Court notes that Plaintiff not only asserts that the Annual Percentage Rate and Finance Charge were not conspicuous enough, but also that the Annual Percentage Rate was not properly disclosed on pages 1 and 2 of the Disclosure Statement.  Failure to properly disclose the Annual Percentage Rate on pages 1 and 2 of the Disclosure Statement (where the other disclosures were provided) does not require reference to pages 3 and 4 of the Disclosure Statement, and might be a violation of 15 U.S.C. § 1632(a) because, arguably, the Annual Percentage Rate was not "clearly disclosed." In arguing that Plaintiff must include pages 3 and 4 of the Disclosure Statement to survive the motion to dismiss stage,

---

[6/] This position is based on the fact that page 1 of the Disclosure Statement reads "1 of 4" in the bottom lefthand corner and page 2 of the Disclosure Statement reads "2 of 4" in the bottom lefthand corner.  At the hearing on this Motion, Plaintiff's counsel contended that Plaintiff did not need to attach pages 3 and 4 of the Disclosure Statement in order to state a claim under TILA.

Defendant seems to confuse a motion to dismiss with a motion for summary judgment.  The purpose of the complaint is to provide sufficient facts to raise a plaintiff's right to relief beyond a speculative level, assuming all factual allegations in the complaint are true and accurate.  See Twombly, 127 S. Ct. at 1965.  The Complaint states that Defendant provides an open end credit plan to Plaintiff and states that the periodic billing statement does not properly disclose the Annual Percentage Rate as required by TILA, or, in the alternative, that the Annual Percentage Rate and/or Finance Charge were misleading and confusing or not conspicuous enough.  See Compl. ¶¶ 5-10.  Further, Plaintiff attached the first two pages of the periodic billing statement which do not contain the Annual Percentage Rate at all.  Disclosure Statement at 1-2.  It is therefore plausible that Defendant has violated the disclosure requirements of TILA.  The Court, therefore, finds that the Complaint raises Plaintiff's right to relief beyond a speculative level.

Defendant further argues that the Complaint is insufficient because it does not describe, in detail, the actual damages that Plaintiff has suffered.  Motion Mem. at 10.  A consumer may recover "any actual damage sustained . . . as a result of the [disclosure] failure."  15 U.S.C. § 1640(a)(1); see also Turner v. Beneficial Corp., 242 F.3d 1023, 1026 (11th Cir. 2001) ("[A]ctual damages ensure that consumers who have suffered

11

actual harm due to a lender's faulty disclosures can be fully compensated, even if the total amount of their harm exceeds the statutory ceiling on TILA damages."). Further, in order to establish actual damages, there must be a showing of detrimental reliance. See Gold County Lenders v. Smith (In re Smith), 289 F.3d 1155, 1157 (9th Cir. 2002) ("[I]n order to receive actual damages for a TILA violation . . . a borrower must establish detrimental reliance."); see also In re Ferrell, 358 B.R. 777, 790 (9th Cir. B.A.P. 2006) ("The Ninth circuit has adopted the majority rule that 'detrimental reliance' must be demonstrated in order to recover actual damages for a TILA disclosure violation.").

Paragraph 8 of the Complaint states that "Plaintiff has suffered damages as a result of Defendant's charges and disclosures." Compl. ¶ 8. The Disclosure Statement attached to the Complaint lists finance charges of $17.25 and $4.76. Disclosure Statement at 1. Although Plaintiff has not explicitly stated that she detrimentally relied on the improper disclosures, at this stage of the proceedings Plaintiff has sufficiently alleged actual damages by stating that she was harmed by Defendant's disclosures with regard to the Annual Percentage Rate and Finance Charge, and by providing a Disclosure Statement establishing that finance charges were imposed. Defendant did not ask the Court to dismiss Count I for failure to allege

detrimental reliance.   Nevertheless, Plaintiff is hereby ordered to amend her Complaint to sufficiently allege detrimental reliance, if any, and to include pages 3 and 4 of the Disclosure Statement.

In summary, the Court finds that the Complaint survives the recent pleading standard set fourth in <u>Twombly</u>, and that Defendant's Motion to Dismiss Count I for failure to state a claim upon which relief can be granted is therefore denied.

**2. Count II - UDAP**

Defendant also claims that Count II of the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

The Hawai'i Unfair and Deceptive Trade Practices Act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  Haw. Rev. Stat. § 480-2(a).

Defendant argues that Plaintiff's state law claim is preempted by the National Bank Act, 12 U.S.C. § 21 <u>et seq.</u> ("NBA"), and regulations promulgated by the Office of the Comptroller of the Currency ("OCC"), 12 C.F.R. § 7.4008, because Citibank is a national bank.  Motion. Mem. at 11.[7/]  Accordingly,

_____

[7/] The Defendant strangely retreats from its preemption argument in its Reply, however.  Defendant first stated that "to the extent Plaintiff seeks to rely upon H.R.S. § 480 to challenge the charges and disclosures of Citibank, a national bank, such
(continued...)

the Court will examine the issue of preemption, because if

Plaintiff's UDAP claims are preempted, Count II fails to state a

claim upon which relief can be granted.

There are three circumstances in which state law is

preempted under the Supremacy Clause, U.S. Const. art. VI, cl. 2:

(1) express preemption, when Congress explicitly defines the

extent to which its enactments preempt state law; (2) field

preemption, when state law attempts to regulate conduct in a

field that Congress intended the federal law to occupy

exclusively; and (3) conflict preemption, when it is impossible

---

[7]/(...continued)
claims would be barred based on federal preemption under the
National Bank Act." Motion Mem. at 11.  In Defendant's Reply,
however, Defendant stated:

> Plaintiff devotes the majority of her Opposition in arguing
> against federal preemption based on the National Bank Act.
> Citibank, however, has not actually moved on such grounds to
> date.  Rather, Citibank's Memorandum clearly states that it
> reserves its right to move on preemption grounds should
> Plaintiff seek to expand the vague and conclusory
> allegations of the Complaint – which she has not done.
> Accordingly, the preemption issue need not be, and is not,
> addressed at this time, particularly given the deficiency of
> Plaintiff's Complaint on simple pleading grounds.

Reply at 3.  Defendant's retreat from its preemption argument
seems to be a result of Defendant's insistence that the Complaint
is too vague to frame a response.  Because the Court has held
that the Complaint sufficiently states a claim, however, the
Court finds it appropriate to address the preemption issue which
has been addressed by both parties.  Notably, the Court finds, as
discussed below, that Plaintiff's UDAP claim is preempted and
Plaintiff has briefed the issue fully in her Opposition.
Additionally, Plaintiff's counsel was cautioned by the Court at
the hearing on this Motion that the Court would be considering
the preemption issue.

to comply with both state and federal law.  <u>Bank of Am. v. City &</u>
<u>County of San Francisco</u>, 309 F.3d 551, 558 (9th Cir. 2002).

"Nearly two hundred years ago . . . [the Supreme] Court
held federal law supreme over state law with respect to national
banking." <u>Watters v. Wachovia Bank, N.A.</u>, 550 U.S. 1, 10 (2007)
(citing <u>McCulloch v. Maryland</u>, 17 U.S. 316 (1819)).  NBA
preemption is governed by a general preemption statement
providing that state laws that "obstruct, impair, or condition a
national bank's ability to fully exercise its Federally
authorized non-real estate lending powers are not applicable to
national banks." 12 C.F.R. § 7.4008(d)(1).  Where a plaintiff
brings a claim under a state unfair competition law, the Court's
inquiry is "whether the legal duty that is the predicate of
Plaintiffs' state law claim falls within the preemptive power of
the NBA or regulations promulgated thereunder." <u>Rose v. Chase</u>
<u>Bank USA, N.A.</u>, 513 F.3d 1032, 1038 (9th Cir. 2008) (holding that
claims based on certain disclosure violations were preempted by
the NBA).

OCC Regulations mandate that:

(2) A national bank may make non-real estate loans
<u>without regard to state law limitations</u>
concerning:

. . .

(viii) Disclosure and advertising, including laws
requiring specific statements, information, or
other content to be included in credit application
forms, credit solicitations, billing statements,

15

> credit contracts, or other credit-related
> documents.

12 C.F.R. § 7.4008(d)(2) (emphasis added).  In other words, state law claims against national banks based on alleged disclosure violations are preempted.  See Rose, 513 F.3d at 1037-38 ("We . . . find that the NBA preempts the disclosure requirements of [the California unfair competition law], insofar as those requirements apply to national banks."); see also Davis v. Chase Bank, --- F. Supp. ---, 2009 WL 2868817, at *10 (C.D. Cal. 2009) ("[T]he specific examples suggest that [12 C.F.R. § 7.4008(d)(2)(viii)] expressly preempts laws regarding particular types of disclosures, such as those like APR . . . .").  In sum, NBA preemption does not apply to claims based on violations of generally applicable duties owed by all businesses, such as fraud and breach of contract, because they do not substantially interfere with the activities of national banks, but the NBA does preempt claims based on disclosure violations.

The question before the Court, therefore, is whether Plaintiff's UDAP claim falls within 12 C.F.R. § 7.4008(d)(2).  In the Complaint, Plaintiff alleges that Defendant violated UDAP because:

> 13.  Defendant's violations of the Truth in
> Lending Act constitute unfair and deceptive acts
> or practices in violation of H.R.S. Chapter 480.
>
> 14.  Defendant's charges and disclosures in
> connection with the above-described extension of
> credit were immoral, unethical, oppressive,

16

> unscrupulous, and substantially injurious to
> Plaintiff as a consumer, and were unfair and
> deceptive, in violation of H.R.S. Chapter 480.

Compl. ¶¶ 13-14.  Plaintiff argues that the UDAP claim is not

preempted because this Court in Kajitani stated "[t]he court

therefore concludes that neither section 480-2 of the Hawaii

Revised Statutes nor Hawaii common law fraud is preempted by

federal law." Kajitani v. Downey Sav. & Loan Ass'n, 2008 WL

2164660, at *5 (D. Haw. 2008).  Plaintiff, however, neglects to

acknowledge the very next sentence which states, "to the extent

the Kajitanis' state law claims rest on TILA violations or

concern subject matters explicitly preempted in [the

regulations], those claims are clearly preempted."  Id.

Paragraph 13 of the Complaint rests on TILA violations

as Plaintiff merely asserts that Defendant's TILA violations

constitute UDAP violations.  Compl. ¶ 13.  State law claims based

on TILA violations are clearly preempted.  See Reyes v. Downey

Sav. & Loan Ass'n, 541 F. Supp. 2d 1108, 1115 (C.D. Cal. 2008)

(citing Silvas v. E*Trade Mortgage Corp., 421 F. Supp. 2d 1315

(S.D. Cal. 2006)).  States may not avoid preemption by adopting

federal laws and adding supplemental remedies.  See Public Util.

Dist. No. 1 of Gray Harbor Cty. Wash. v. IDACOR, Inc., 379 F.3d

641, 648-49 (9th Cir. 2004).  Accordingly, the Court finds that

to the extent Plaintiff's UDAP claim is based on TILA violations,

Plaintiff's UDAP claim is preempted.

Paragraph 14 of the Complaint does not specifically reference TILA but maintains that "Defendant's charges and disclosures in connection with the above-described extension of credit" violated UDAP.  Compl. ¶ 14.  The Complaint does not allege new facts, but merely states that Defendant's disclosures independently violate UDAP, regardless of whether the disclosures constitute TILA violations.  See id.

The OCC's examples of preempted areas specifically includes:

> (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit applications forms, credit solicitations, billing statements, credit contracts, or other credit-related documents.

12 C.F.R. § 7.4008(d)(2)(viii).  Indeed, the entire Complaint is based on subject matter covered in 12 C.F.R. § 7.4008(d)(2). State law claims that "directly address the subject matters set forth in [the regulations]. . . are preempted." Katjitani, 2008 WL 2164660, at *9 (citing Reyes, 541 F. Supp. 2d at 1113);[8/] see

_____

[8/] Notably, Kajitani and the other cases Plaintiff cites dealt with federal savings associations and are thus governed by the Home Owners' Loan Act of 1933 ("HOLA") and the Office of Thrift Supervision ("OTS"), not the NBA or OCC.  Although the OCC preemption regulation found at 12 C.F.R. § 7.4008(d)(2)(viii) is nearly identical to the OTS's preemption regulation found at 12 C.F.R. § 560.2(b)(9), the Court recognizes that OCC and OTS preemption are not identical.  See Davis, 2009 WL 2868817, at *8 ("Although the phrasing of the two regulations is similar, OTS preemption is more sweeping because 'OTS occupies the entire field of lending regulations for federal savings associations' in
(continued...)

also Rose, 513 F.3d at 1038 (noting that the plaintiffs' state law claims were preempted by the NBA because they were exclusively based on the national bank's disclosure duties).  In both Reyes and Kajitani, the courts found that claims based on disclosures in loan-related documents were preempted, while claims based on oral misrepresentations by the loan provider were not preempted because they were based on state tort and contract law.  See Reyes, 541 F. Supp. 2d at 1115-16 (holding that the plaintiff's breach of contract and fraud in the inducement claims based on oral disclosures were not preempted, but the plaintiff's claims based on loan disclosures were); see also Kajitani, 2008 WL 2164660, at *4-5 (noting that federal preemption does not appear to apply to oral misrepresentations by lenders, but that claims based on TILA disclosure violations were preempted).  In this case, however, Plaintiff has not alleged that Defendant orally misrepresented the terms of the credit agreement.  More

---

[8]/(...continued)
connection with HOLA." (citations omitted)).  The first step of determining whether the predicate state law claim falls within the scope of the preemption regulation, however, is the same. Id. at *10 ("The Court begins by noting that, based on the plain language of the regulation, its reading of generally how to apply the preemption provisions of § 7.4008 is largely consistent with that of the OTS regulations.  That is, on the Court's reading of the regulation, the first step is to determine whether the predicate legal duty falls within the scope of § 7.4008(d)(2) or § 7.4008(e)." (citations omitted)).  Accordingly, the Court views Plaintiff's cases involving federal savings associations as illustrative, though the Court ultimately decides the issue of preemption under the National Bank Act and relevant OCC regulations.

specifically, Plaintiff does not allege that Defendant promised
her anything, but only that the periodic billing statement does
not properly disclose the Annual Percentage Rate and/or Finance
Charge.

Plaintiff's reliance on <u>Oliveria</u> is similarly misplaced
because in that case this Court held that the UDAP claims were
similar but distinguishable from the TILA claims because the
defendant <u>promised</u> that the loan would substantially benefit the
plaintiff.  <u>See</u> <u>Olivera v. Alliance Bankcorp dba Alliance</u>
<u>Mortgage, et al.</u>, Civ. No. 07-00050 HG-BMK (D. Haw. April 20,
2007).  In <u>Olivera</u>, the UDAP claim alleged additional facts such
as the promise of a benefit for taking out the loan and a refusal
to honor the plaintiff's recision of the loan.  Complaint at 6-7,
<u>Olivera</u>, Civ. No. 07-00050 HG-BMK (D. Haw. April 20, 2007).
Indeed, all of the cases Plaintiff cites in her Opposition
involve promises made by a lender.  <u>See</u> <u>Mandriques v. World Bank</u>
<u>Sav., Inc.</u>, 2008 U.S. Dist. Lexis 31810 (N.D. Cal. 2008) (holding
that a state law unfair competition claim was not preempted
because they were based on promises made in the loan document);
<u>see also</u> <u>Cuevas v. Atlas Realty/Fin. Servs. Inc.</u>, 2008 WL 268981
(N.D. Cal. 2008) (holding that state law claims were not
preempted because the state law claims were based on the lender
telling the plaintiff that the loan payments would remain at
$1,600 and that the interest rate would only go up once a year);

In re Ocwen Loan Servicing, LLC Mortgage Serv. Litig., 491 F.3d
638 (7th Cir. 2007) (holding that the fraud claims and breach of
contract claims were not preempted, but claims that related
specifically to the lending disclosures were).  The complaints in
these cases survived motions to dismiss because the false
representations violated legal duties applicable to all
businesses.  See Mandriques, 2008 U.S. Dist. Lexis 31810, at *3.

        Paragraph 14 does not allege violations of generally
applicable duties in which every business must comply, but
instead refers exclusively to Defendant's duties in connection
with its banking activities.  The Complaint, therefore, only
alleges violations based on disclosure requirements in periodic
billing statements.  Accordingly, the Court finds that
Plaintiff's UDAP claim is preempted because Plaintiff's claim
exclusively addresses matters covered in 12 C.F.R. §
7.4008(d)(viii).  The Court, therefore, grants Defendant's Motion
to Dismiss Count II of the Complaint because Plaintiff has failed
to state a claim upon which relief can be granted pursuant to
Fed. R. Civ. P. 12(b)(6).

## II.  Motion to Strike Portions of Plaintiff's Complaint

        Defendant asserts that Plaintiff's request for
statutory damages under TILA should be stricken because statutory
damages are not available for TILA violations such as these.

        **A.    Standard**

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This includes striking parts of the prayer for relief when the relief sought is "not recoverable as a matter of law." Schabaz v. Polo Ralph Lauren Corp., 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (citations omitted). When ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in a light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); see also Argabright v. United States, 35 F.3d 472, 474 (9th Cir. 1994). Motions to strike are disfavored as a "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." Wailua Assocs. v. Aetna Cas. & Sur. Co., 27 F. Supp. 2d 1211, 1216 (D. Haw. 1998) (citations omitted).

### B. Analysis

Defendant asserts that Plaintiff's request for statutory damages as to Count I (TILA) should be stricken from Plaintiff's Prayer for Relief because Ninth Circuit case law prohibits statutory damage awards for claims under § 1632(a) of TILA. Motion Mem. 10-11. Specifically, Defendant points to In Re Ferrell, which held that "a consumer may not recover statutory damages for violations of § 1632(a) and its corresponding

22

regulations." In Re Ferrell, 539 F.3d 1186, 1192 (9th Cir. 2008).   Plaintiff did not contest this point in her Opposition.

Upon examination of TILA and In Re Ferrell, the Court holds that Plaintiff cannot recover statutory damages for Defendant's alleged disclosure violations.   The court in In Re Ferrell held that a violation of § 1632(a) did not warrant statutory damages because "it does not fall within the closed list of [subsections] . . . which can support an award for statutory damages."   539 F.3d at 1192 (citing Brown v. Payday Check Advance, Inc., 202 F.3d 987, 991 (7th Cir. 2000)); see also Brown, 202 F.3d at 991 (holding that statutory damages are not available for violations of §1632(a)).

Plaintiff's Complaint appears to exclusively rely on § 1632(a), which requires the Annual Percentage Rate and/or Finance Charge to be clear and conspicuous.[9]   Statutory damages are unavailable for claims based on § 1632(a).   In Re Ferrell, 539 F.3d at 1192.   Accordingly, because Plaintiff cannot possibly recover statutory damages under § 1632(a), the Court grants

---

[9] The Court recognizes that Plaintiff alleges a failure to properly disclose the Annual Percentage Rate on pages 1 and 2 of the Disclosure Statement.   At the hearing on this Motion, however, Plaintiff's counsel admitted that the Annual Percentage Rate was included on pages 3 and 4 of the Disclosure Statement. Accordingly, Plaintiff's claim is not that the Annual Percentage Rate was not disclosed at all, but rather Plaintiff's claim appears to be that it was not clearly or conspicuously disclosed on pages 1 and 2 as required by § 1632(a), or that it was disclosed in a misleading and confusing manner.

Defendant's motion to strike Plaintiff's request for statutory damages under TILA (Count I). _See_ _Wailua Assocs._, 27 F. Supp. 2d at 1216.

## III. Motion for a More Definite Statement

### A.   Standard

Fed. R. Civ. P. 12(e) provides as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed. R. Civ. P. 12(e).  Thus, if a plaintiff's complaint meets the notice requirements of Federal Rule of Civil Procedure 8 and the defendant is provided with a sufficient basis to respond, the proper avenue for eliciting additional detail is not through a motion for a more definite statement, but instead through discovery.  _Wangler v. Hawaiian Electric Co., Inc._, 742 F. Supp. 1458, 1464 (D. Haw. 1990).  Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.  _Datagate, Inc. v. Hewlett-Packard Co._, 941 F.2d 864, 870 (9th Cir. 1991).

### B.   Analysis

In this case, as discussed above, Plaintiff has stated a claim under TILA.  Plaintiff has met the notice requirements under Fed. R. Civ. P. 8 and provided Defendant with a sufficient

basis to respond.  See Wangler, 742 F. Supp. at 1464.
Accordingly, the proper avenue for Defendant to reveal more
information, such as the contents of page 3 and 4 of the billing
statement, is through discovery, not a motion for a more definite
statement.[10/]  See id.  The Court therefore denies Defendant's
Motion for a More Definite Statement.

### CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES Defendant's Motion to Dismiss Count I of the
Complaint for failure to state a claim upon which relief can be
granted;

(2) GRANTS Defendant's Motion to Dismiss Count II of
the Complaint for failure to state a claim upon which relief can
be granted;

(3) GRANTS Defendant's Motion to Strike Plaintiff's
request for statutory damages under TILA; and

(4) DENIES Defendant's Motion for a More Definite
Statement.

IT IS FURTHER ORDERED that Plaintiff shall amend her
Complaint to sufficiently assert detrimental reliance, if any,
and to include pages 3 and 4 of the Disclosure Statement.

---

[10/] Importantly, Plaintiff has been directed to amend her
Complaint to allege detrimental reliance, if any, and to include
pages 3 and 4 of the Disclosure Statement.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, October 28, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Kauinui v. Citibank (South Dakota), N.A., Civ. No. 09-000258 ACK-BMK: Order Granting in Part, and Denying in Part, Defendant's Motion to Dismiss; Granting Defendant's Motion to Strike; and Denying Defendant's Motion for a More Definite Statement.